NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------X

IN RE:

DGI SERVICES, LLC,

    Debtor.

------------------------------------------------------X

CASE NO. 11-46042 (JNP)

CHAPTER 7

## OPINION

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

    This case comes to this Court on remand from the United States District Court for the District of New Jersey (the "District Court") for clarification with respect to this Court's Order dated June 26, 2017 (the "June 26 Order"), and related Opinion (the "Initial Opinion"). The June 26 Order denied the motion (the "Motion") of Great Northern Insurance Company ("Great Northern") for leave under the Barton Doctrine to file a counterclaim and third-party complaint (collectively, the "Counter-Claim") for fraud against the Trustee, Linda McMackin, and her agents (collectively, the "Trustee"), and granted the Trustee's cross-motion (the "Cross-Motion") to bar Great Northern from asserting an affirmative defense of fraud (the "Affirmative Defense"). This Memorandum Opinion clarifies the June 26 Order and the Initial Opinion and the Court will enter an order clarifying the June 26 Order.

### I.    Background

    The facts of this case are detailed in the Initial Opinion, In re DGI Servs., LLC, No. 11-46042 (JNP), 2017 WL 3314225, at *1 (Bankr. D.N.J. June 26, 2017). To summarize briefly, Dean Topolinski purchased DGI Services, LLC (the "Debtor") in a distressed sale which resulted in the assets being owned by the Debtor and subject to a lien of Old Aultsville, LLC ("Old Aultsville").

The Debtor was owned by an Ontario company controlled by Topolinski and managed by 1599963 Ontario, also controlled by Topolinski.

In 2011, vandals broke into the Debtor's premises, damaging its equipment and breaching its secure data room (the "Incident"). Great Northern had issued an insurance policy (the "Policy"), in favor of the Debtor, covering: (1) loss or damage caused by or resulting from a peril not otherwise excluded; and (2) business income loss. The Debtor submitted a notice of claim, seeking payment for the repair or replacement of its equipment and for the loss of its business income. Topolinski sold the Debtor's business on December 5, 2011, the proceeds of the sale were disbursed to Old Aultsville and other secured creditors. The Trustee states that the Debtor has not operated since that date. Dkt. No. 885, pg. 3. On December 21, 2011, several creditors filed an involuntary bankruptcy petition against the Debtor. The Trustee was appointed on January 5, 2012.

Great Northern denied coverage pending a further investigation of the Incident. On February 25, 2013, the Trustee instituted litigation against Great Northern in the Superior Court of New Jersey Gloucester County (Case No. GLO-L-315-13) (the "Superior Court Litigation"). The Trustee sought a declaratory judgment that: (i) the loss from the Incident is covered by the Policy; (ii) the Debtor's estate is entitled to payment of the amount owed for the damaged physical assets; and (iii) the Debtor's estate is entitled to payment of the business income loss claim pursuant to an appraisal process set forth in the insurance policy.

Based upon information learned during discovery in the Superior Court Litigation, Great Northern filed the Motion for leave under the Barton Doctrine to file the Counter-Claim against the Trustee, alleging fraud, misrepresentation, and concealment. The Trustee opposed the Motion and filed the Cross-Motion to bar Great Northern from asserting affirmative defenses.

Great Northern claimed: (i) the Trustee misrepresented the amount of the Debtor's proof of loss in the Superior Court Litigation, inflating it by millions of dollars by stating that the Debtor

continued to incur expenses from November 14, 2011 to November 14, 2014; (ii) the Trustee attempted to conceal records in the Superior Court Litigation; (iii) the Trustee misrepresented and concealed information related to Old Aultsville - that from November 14, 2011 through November 14, 2014, the Debtor continued to incur expenses in the amount of $11,787,582 for interest on a loan from Old Aultsville, and that the Trustee misrepresented the principal loan balance ($22.1 to $24.9 million rather than the actual $14,461,680); (iv) the Trustee misrepresented and concealed records related to management fees - that the Debtor continued to incur expenses for management fees in the amount of $13,485,00; and (v) the Trustee represented to the Superior Court that Topolinski had no "ownership interest in Old Aultsville LLC" when the Trustee's allegedly concealed records demonstrate that Topolinski was in fact "responsible" for Old Aultsville.

The Trustee argued that Great Northern did not meet its burden under the Barton Doctrine. The Trustee claimed that Great Northern failed to: (i) make a prima facie case of insurance fraud against the Trustee and her agents; (ii) prove that a balancing of the interests militates in its favor; and (iii) prove that the Superior Court has special expertise on the issues raised in the proposed claims. The Cross-Motion argued that if Great Northern were to assert affirmative defenses similar to the counts it seeks to bring in its Counter-Claim, it would lead to the same result – depletion of the estate assets. A hearing on the matter was held on February 21, 2017 (the "Hearing").

The June 26 Order ruled in favor the Trustee on both motions and could be interpreted to prohibit Great Northern from asserting any defense of fraud, not just based on the facts raised in the Motion. Great Northern appealed the June 26 Order. The District Court heard arguments and issued an oral decision in which it remanded the case to this Court for clarification of the parameters of the June 26 Order, and the extent to which it barred Great Northern from raising affirmative defenses in the Superior Court Litigation.

## II. Discussion

As noted in the Initial Opinion, the Barton Doctrine states that before a party may sue a receiver in a court other than the court that appointed the receiver, the appointing court must approve such action to ensure a "consistent and equitable administration" of receivership property. Barton v. Barbour, 104 U.S. 126, 128-29 (1881); In re Vistacare Grp., LLC, 678 F.3d 218, 224 (3d Cir. 2012). The Third Circuit has held that this requirement applies equally to a party seeking to bring an action against a trustee appointed by a bankruptcy court, for acts taken in his official capacity as trustee. Vistacare, 678 F.3d at 225. This policy exists to prevent trustees from being impeded in their official duties; keep the bankruptcy court informed of the related proceedings and ensure the trustee is fulfilling his or her obligations; and to prevent frivolous lawsuits from both discouraging individuals from serving as trustees and needlessly depleting estate assets. See generally, Vistacare, 678 F.3d at 230. Thus, a party seeking to litigate an action against a bankruptcy trustee outside of the appointing bankruptcy court for acts committed in her official capacity "must make a prima facie case against the trustee, showing that its claim is not without foundation." Id. at 232. The Vistacare court found that the "not without foundation" standard is similar to the standard under a motion to dismiss but has a "greater degree of flexibility." Id.

To successfully bring its claim, the Insurance Fraud Protection Act (the "IFPA") requires that Great Northern establish that the Trustee:

> (i) presents or causes to be presented any written or oral statement as part or in support of a claim for payment or other benefit pursuant to an insurance policy, and knows that the statement contains any false or misleading information concerning any fact or thing material to the claim; (ii) prepares or makes any written or oral statement that is intended to be presented to any insurance company or any claimant thereof in connection with or in support of any claim for payment or other benefit pursuant to an insurance policy, and knows that the statement contains any false or misleading information concerning any fact or thing material to the claim; (iii) conceals or knowingly fails to disclose the occurrence of an event which affects any person's initial or continued right or entitlement

4

> to (a) any insurance benefit or payment or (b) the amount of any
> benefit or payment to which the person is entitled.

N.J.S.A. 17:33A-4(a)(1-3). Significantly, a party must establish the requirements listed above whether attempting to bring this as a direct claim or an affirmative defense to a claim, and in either case, the standard of proof is a preponderance of evidence. See Liberty Mut. Ins. Co. v. Land, 186 N.J. 163, 177–78 (2006).

Given this legal standard, the Court found that the Trustee's assertion of privilege or lack of relevance in a discovery dispute did not establish concealment; and further, the Court found that a difference of opinion regarding the scope of coverage under an insurance policy could not be considered a misrepresentation, as it is a party's opinion. As such, the Court denied the Motion, finding that Great Northern did not allege sufficient facts to establish the necessary elements of its case, and there was no basis to allow the Counter-Claim to move forward. Further, the Court noted that:

> To succeed under an affirmative defense of fraud, Great Northern
> must prove the same elements of fraud outlined in the IFPA, as
> discussed above. Since the Court ruled that Great Northern cannot
> prevail under the theory of fraud, Great Northern's affirmative
> defense of fraud would also not be successful.

DGI Servs., 2017 WL 3314225, at *5. Significantly, the Court's decision was based on having already found that Great Northern would not be able to establish the necessary elements to this affirmative defense. Thus, to avoid wasting estate assets, and the possibility of inconsistent judgments the Court granted the Cross-Motion. See generally, In re Residential Capital, LLC, 563 B.R. 756, 774 (Bankr. S.D.N.Y. 2016).

Given this rational, there is no basis to apply that ruling to any other defenses or affirmative defenses that Great Northern may wish to raise, including an affirmative defense of fraud based on any factual allegations not raised in the Motion. The Initial Opinion found only that Great Northern had failed to establish the necessary elements to bring the Affirmative Defense of fraud based on the allegations in the Motion. However, the language of the June 26 Order was overly

broad. The Court's intent was only to limit Great Northern from raising the Affirmative Defense of fraud based on N.J.S.A. 17:33A-4(a)(1-3) and the facts alleged before this Court. The June 26 Order was not intended to bar any other defense of fraud that Great Northern might allege. Great Northern is free to pursue any and all other defenses and affirmative defenses available to it, including an affirmative defense of fraud not based on the allegations raised in the Motion.

### III.    Conclusion

Having addressed the issues raised by the District Court, the Court will issue a clarification of the June 26 Order consistent with this Opinion.

Dated: October 4, 2018

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE